In the Matter of the General Assignment for the Benefit of Creditors of MAKEWELL HATS, INC., Assignor, to MILLINERY CREDIT ASSOCIATION, INC., Assignee.

Supreme Court, Special Term, New York County, June 24, 1943.

*Sanders & Shandalow* for assignee.

*Louis H. Robinson* for assignor.

EDER, J. This is a motion to approve an offer of composition by the assignor, to discharge the assignee and its surety from all further liability to the compounding creditors, authorizing the assignee to release the assets to the assignor, to dispense with

the filing of a final account by the assignee upon filing consents of creditors or waivers thereof. Although the motion is not opposed it cannot be granted in its entirety, for the filing of a final account is required. This was so at common law and is essential under the statute.

The general tendency is against dispensing with the filing of an account by the assignee (*Matter of Horsfall,* 5 Abb. New Cas. 289 [General Term], and see also the various cases cited in footnote, at pages 302, 303). While in some of the cases it is held the filing of a final account cannot be dispensed with, even though *all* the creditors consent, I am disposed to hold that the filing of a final account by the assignee may be dispensed with if *all* the creditors consent. In the case at bar not all, but a *majority,* of the creditors have accepted the settlement offered on behalf of the assignor and their acceptance and consent to the assignee's discharge without accounting or notice to creditors is submitted with the motion papers. This does not overcome the necessity of the assignee's filing a final account; those creditors who have not approved the composition offer and who have not consented are entitled to know how the assignee has administered the estate. Indeed, it appears that no schedules have been prepared or filed.

The statute clearly contemplates that the assignee shall " render and file an account of his proceedings " and the court is empowered to direct him to do so and it may take and state such account (Debtor and Creditor Law, § 15, subds. 10, 11), and while subdivision 14 of said section 15 provides that on proof of a composition between the assignor and his creditors the court may discharge the assignee and his sureties from all further liability to the compounding creditors appearing or duly cited, it does not do away with the necessity of his filing a final account. The courts have been consistent in their ruling in this respect; indeed, they have gone further and will not even order a discharge *pro tanto* without an accounting. As said in *Matter of Dryer* (5 Abb. New Cas. 303, note) : " There can be no discharge without an accounting. Experience has shown the absolute necessity for the giving, by the assignee, of an account of his stewardship. * * * I will not sign any order for a discharge *pro tanto*. Let the assignee make his account, show that his duty has been done, and that nothing remains to be done, and then, upon turning over to the assignor the balance in his hands, a discharge will be granted ".

While, as I have said, the statute plainly contemplates that the assignee shall file his account, there is no doubt that this

**316**

is necessary as indicated by the express language of the Special Term rules governing insolvent assignments (New York County Supreme Court Rules, Special Terms, Rule XII, subd. 16). This subdivision, which is entitled " Accounting and discharge of assignee ", provides: " The assignee *must* file an account in *all* cases ". (Italics supplied.)

In the circumstances, the motion will be granted except that the motion is denied insofar as it seeks an order dispensing with the filing of a final account by the assignee and for the discharge of itself and its surety.

Submit order in conformity herewith.